# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                    CIVIL ACTION NO. 5:21-cv-00593

U.S. ATTORNEY GENERAL,
*and* DIRECTOR OF THE
FEDERAL BUREAU OF PRISONS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a Complaint filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, by Plaintiff (Chief) Col. Michael S. Owl Feather-Gorbey. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed the PF&R on November 24, 2021. [Doc. 4]. Magistrate Judge Aboulhosn recommended the Court deny Plaintiff's Application to Proceed In Forma Pauperis [Doc. 1], dismiss the Complaint [Doc. 2]; and remove the matter from the Court's docket. Mr. Feather-Gorbey timely objected. [Doc. 5].

Mr. Feather-Gorbey also filed a "Motion for Court to Take Judicial Notice Regarding New Facts & Diligent Evidence to Support Imminent Danger & Leave to Proceed IFP 1915(g)." [Doc. 9]. The Court finds the information contained in the motion is more properly characterized as facts and evidence in support of his Complaint. Thus, the information is not within

the parameters of the governing Rule. *See* Rule 201(b) of the *Federal Rules of Evidence*. As such, the Court **DENIES** the motion [Doc. 9] but will consider the filing as an amendment to his Complaint.

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Feather-Gorbey contends Magistrate Judge Aboulhosn and the Undersigned have a personal interest in the outcome of his civil actions, thus requiring recusal. [Doc. 5 at 1]. He has asserted this same contention in previous civil actions by filing motions for recusal, making statements within various filings, and instituting a civil action against the Undersigned. *See, e.g., (Chief) Col. Michael S. Owl Feather-Gorbey v. Williams*, 5:21-cv-00673 (*Bivens* action against the undersigned and eighty-two other defendants alleging, *inter alia*, collusion to prejudice Mr.

Feather-Gorbey); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, 5:21-cv-00583, Doc. 8 (motion to recuse the Undersigned, Chief Judge Johnston, and Magistrate Judges Aboulhosn and Tinsley for bias and prejudice); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Morris*, 5:21-cv-00091, Doc. 34 (motion to recuse the Undersigned and Magistrate Judge Aboulhosn for bias and "ex parte collusion."). The Court has continually denied the motions for lack of extrajudicial evidence of bias or prejudice. Insofar as this objection can be construed as a motion to recuse the Undersigned, the Court denies it for the same reasons. He has not presented any evidence to warrant the Undersigned's recusal. Thus, the Court **OVERRULES** this objection.

### III.

Mr. Feather-Gorbey contends Magistrate Judge Aboulhosn refused to consider the serious physical ailments he suffers -- such as possible bone fractures or breaks to his neck, left elbow, left wrist, and right hand -- and medical staff's refusal of medical care. [Doc. 5 at 2 – 3]. The Magistrate Judge notes Mr. Feather-Gorbey alleged he suffered from bruising and swelling to his left elbow, left arm, and right hand, but "he alleges no facts to support his claim that he suffered 'serious' physical injuries." [Doc. 4 at 3, 8]. His Motion for the Court to Take Judicial Notice, construed here as an amendment to the Complaint, mentions his injuries and possible bone fractures and breaks, again alleging no facts to support his claim of serious physical injuries. [Doc. 9 at 3].

The Complaint specifically mentioned bruising and swelling. The first mention of potential bone fractures or breaks came in the objections to the PF&R and the amendment to the Complaint, filed after the PF&R. [Docs. 5, 9]. Thus, the Magistrate could only consider the bruising and swelling, which he noted are not serious medical needs. [Doc. 4 at fn. 4]. It follows

that such minor injuries also do not constitute imminent physical danger for screening purposes.

From the record, it is not evident that Mr. Feather-Gorbey has received medical treatment for bone fractures; in fact, he claims his signature was forged on a form whereby he refused medical consent to obtain x-rays. [Doc. 9 at 3]. Exhibits attached to the amendment detail two clinical encounters from 2020 relating to glaucoma, but he fails to attach any documents concerning the consent refusal for x-rays after the alleged physical assault in August 2021 which resulted in his injuries. [Doc. 9 at 5 – 10]. All that exists regarding more serious injuries are his statements that he might have bone fractures and his refusal to consent to x-rays for diagnostic purposes on two separate occasions. He provides no evidence that these consent refusal forms were forged or fabricated other than his assertion of the same. [Doc. 5 at 3]. Thus, Mr. Feather-Gorbey has not demonstrated his physical injuries constitute imminent danger. As such, the Court **OVERRULES** this objection.

### IV.

Mr. Feather-Gorbey contends Magistrate Judge Aboulhosn is prejudiced against him because "only 3 cases are needed to list a person as a 3 striker yet Judge Aboulhosn clearly shows his bias & antagonism for Gorbey by listing some 22 cases where Gorbey has been deny [sic] leave to proceed." [Doc. 5 at 4]. The Magistrate Judge determined Mr. Feather-Gorbey is required to show he was in imminent danger of serious physical injury at the time of filing in light of his many strikes. [Doc. 4 at 5].

Indeed, 28 U.S.C. § 1915(g) provides a litigant may not proceed without prepayment of filing fees if he has filed at least three meritless claims. *See Lomax v. Ortiz-Martiquez*, 140 S.Ct. 1721, 1723 (2020). Such a litigant must satisfy the imminent danger standard.

4

28 U.S.C. § 1915(g). There is no prejudice by acknowledging publicly available information on repeated attempts at proceeding without prepayment beyond what is necessary to meet the requirements of Section 1915(g). The Court **OVERRULES** the objection.

V.

Mr. Feather-Gorbey contends Magistrate Judge Aboulhosn "is simply abusing use of 1915(g) as a prohibitive financial barrier." He further asserts the Magistrate Judge categorically denied him relief based on his prior filings. [Doc. 5 at 6]. The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A and applied the three-strikes provision of 28 U.S.C. §1915(g) considering his many strikes. The Magistrate determined he did not satisfy the imminent danger standard of Section 1915(g), therefore, he could not proceed without prepayment of filing fees. This was not a categorical denial of relief based upon prior filings, but application of a heightened pleading standard because of them. The Court **OVERRULES** the objection.

VI.

Based upon the foregoing discussion, the Court **ORDERS** the Application to Proceed In Forma Pauperis is **DENIED [Doc. 1]**; the Motion for the Court to take Judicial Notice is **DENIED [Doc. 9]**, the objections are **OVERRULED [Doc. 5],** and the Magistrate Judge's PF&R is **ADOPTED [Doc. 4]**. The Complaint is hereby **DISMISSED [Doc. 2]**.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: March 7, 2022



Frank W. Volk
United States District Judge